## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

| | | |
|---|---|---|
| **KIMBERLY ANN ALSTON** | ) | |
| 10012 Cedarhollow Lane | ) | |
| Largo, MD 20774 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. _____ |
| | ) | **JURY TRIAL DEMANDED** |
| **EQUIFAX INFORMATION** | ) | |
| **SERVICES, LLC** | ) | |
| **Serve:** CSC-Lawyers Incorporating | ) | |
| Service Company | ) | |
| 7 St. Paul Street, Suite 1660 | ) | |
| Baltimore, MD 21202 | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

COMES NOW the Plaintiff, Kimberly Ann Alston, (hereafter the "Plaintiff") and for her complaint against the Defendant Equifax Information Services, Llc. ("Equifax") alleges as follows:

### PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), and the Miscellaneous Consumer Protection Provisions, Md. Code §14-1201 *et seq.* (MCPP).

### PARTIES

2.     The plaintiff is a natural person and resides in the State of Maryland. She is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c) and MCPP, Md. Code §14-1201(c).

3.     Upon information and belief, Equifax, is a corporation authorized to do business in the State of Maryland.

1

4.      Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. §1681a(f) and a "person" within the meaning of the MCPP, Md. Code §14-1201(j). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

5.      Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

6.      Ms. Alston's credit report from Equifax inaccurately published that Ms. Alston had a collection account with UCB Collections.

7.      Ms. Alston sent disputes to Equifax stating that the UCB Collections account was being inaccurately reported and should be deleted.

8.      In response to Ms. Alston disputes Equifax simply verified the account as correct according to UCB Collection representations without actually performing an objective, reasonable investigation.

9.      Ms. Alston sent her final dispute in May 2012 and Equifax again simply parroted UCB Collections version of the story.

10.     Equifax ceased its reporting of the UCB Collections account after Ms. brought action 8:12-cv-02063-PJM against UCB Collections.

## COUNT ONE: VIOLATION OF FCRA

11.     Plaintiff realleges and incorporates paragraphs 1 through 10 above as if fully set out herein.

12.     Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation of Plaintiff's disputes on and before May 2012. Based upon information and belief, Equifax did not investigate the dispute but simply reported the account as accurate without conducting any investigation. Plaintiff also disputed this account with Trans Union and Trans Union actually investigated the account and deleted the account.

13.     Equifax violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the UCB Collections account after the May 2012 dispute. Had Equifax conducted an actual investigation it would have found that the UCB Collections account did not belong to Ms. Alston and would have deleted the account.

14.     As a result of conduct, actions and inactions of Equifax, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: credit repair costs, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

15.     Equifax's conduct, actions and inactions were willful, rendering Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

16.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATIONS OF MCPP

17.     Plaintiff realleges and incorporates paragraphs 1 through 16 above as if fully set out herein.

3

18.     Defendant Equifax violated Md. Code §14-1208(b) by failing to conduct a reasonable reinvestigations and delete the UCB Collections account. Defendant also violated §14-1208(a) by failing to respond within seven (7) days.

19.     Defendant Equifax violated Md. Code §14-1208(e) by failing to disclose to Plaintiff her rights to request Equifax furnish notification that the UCB Collections account had been deleted to any persons who had received a consumer report with Equifax containing the UCB Collections account.

20.     As a result of conduct, actions and inactions of Equifax, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: credit repair costs, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

21.     Equifax's conduct, actions and inactions were willful, rendering Equifax liable for punitive damages in an amount to be determined by the Court pursuant to Md. Code §14-1213(a). In the alternative, Equifax was negligent, entitling the Plaintiff to recover under Md. Code §14-1213(b).

22.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to Md. Code §14-1213(a) and §14-1213(b).

WHEREFORE, your Plaintiff demands judgment for actual, statutory and punitive damages against Equifax; for her attorneys' fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

4

**KIMBERLY ANN ALSTON**


By _____
      Kimberly Ann Alston
      10012 Cedarhollow Ln
      Largo, MD 20774
      (301) 350-5780