IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIMBERLY ANN ALSTON,                    :

    Plaintiff,                      :

v.                                      :
                        Civil Action No. GLR-13-934

EQUIFAX INFORMATION SERVICES,           :
LLC, et al.,
                               :

    Defendants.                     :

                               :

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff's, Kimberly Ann Alston, Motion to Strike Defendant Experian Information Solutions, Inc.'s Affirmative Defenses Pursuant to Rule 12(f) ("Motion to Strike") (ECF No. 25), and Defendant's, Dimensions Health Corporation d/b/a Prince George's Hospital Center ("DHC"), Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss") (ECF No. 31). The questions before the Court are whether Experian's affirmative defenses should be stricken for failure to plead within the Twombly and Iqbal standards, and whether Ms. Alston's claims against DHC under the Maryland Consumer Protection Act and the Maryland Consumer Debt Collection Act are preempted by the Fair Credit Reporting Act. The issues have been fully briefed and no hearing is necessary. See Local Rule 105.6 (D.Md. 2011). For the reasons below, both Motions will be granted.

# I.   BACKGROUND[1]

In November 2006, Ms. Alston received treatment at Prince George's Hospital Center and was billed accordingly.   DHC's Patient Financial Services division forwarded Ms. Alston's account to the United Collection Bureau, Inc. ("UCB"), DHC's contracted collections agency, on February 23, 2007.

At the time DHC forwarded the account, there allegedly was an outstanding balance of $299.30.   UCB attempted to collect the debt, but Ms. Alston disputed the amount owed on three separate occasions.[2]   On each occasion, UCB investigated Ms. Alston's claim and determined it was without merit.   After attempting to collect on the debt for five years, UCB stopped collection attempts because the statute of limitations would bar any legal claim.

In the Complaint and her Opposition to the pending Motion, Ms. Alston alleges she satisfied the debt and confirmed that fact with DHC.   She does not, however, specify in either the Complaint or her Opposition when the debt was satisfied.   She

---

[1] Unless otherwise noted, the following facts are taken from the Second Amended Complaint and the statement of undisputed facts in DHC's Motion to Dismiss.   The well-pled allegations in the Second Amended Complaint are accepted as true and viewed in the light most favorable to Ms. Alston.   See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 555-56 (2007)).

[2] On October 25, 2011, and October 27, 2011, Ms. Alston stated the account was not her debt.   On May 29, 2012, Ms. Alston claimed she was unaware of the account.

2

further alleges she did not realize DHC was still claiming the debt until she viewed her credit report a number of years later. The Complaint avers Equifax and Experian inaccurately published the UCB account and, notwithstanding her disputes, verified the account without proper investigation.

On February 5, 2013, Ms. Alston filed suit against Equifax in the Circuit Court for Prince George's County, Maryland, alleging, inter alia, violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 168li(a)(1) & (a)(5)(A) (2012). (ECF No. 2). On March 27, 2013, Equifax removed the action to this Court. (ECF No. 1). After obtaining leave from the Court, Ms. Alston amended her Complaint, adding Experian as a Defendant. (ECF Nos. 10, 11). On August 12, 2013, Ms. Alston again sought leave from the Court to file a second amendment to her Complaint, which the Court granted on August 15. (ECF Nos. 20, 22). The Second Amended Complaint added DHC as a Defendant and alleged violations of the FCRA, 15 U.S.C. § 1681s-2(b)(1)(A),(D), & (E); the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-301(14)(iii) (West 2014); and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-202(3) (West 2014). (ECF No. 20-2).

After Experian filed its Answer on September 11, 2013, Ms. Alston filed the pending Motion to Strike. (ECF Nos. 24, 25). DHC filed its Motion to Dismiss on October 16, 2013. (ECF No.

31).   In the Opposition to DHC's pending Motion, Ms. Alston withdrew her FCRA claim as to DHC.  (ECF No. 37).  On January 2, 2014, pursuant to a stipulation agreement, the Court dismissed Ms. Alston's claims against Equifax with prejudice.  (ECF No. 42).

## II.   DISCUSSION

### A.   **Motion to Strike**

#### 1.  **Standard of Review**

Ms. Alston moves to strike Experian's affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).   Although the court maintains wide discretion in determining whether to strike an affirmative defense, see Haley Paint Co. v. E.I. Du Pont De Nemours & Co, 279 F.R.D. 331, 336 (D.Md. 2012), "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed. 1990)).

**2. Analysis**

The Court will grant Ms. Alston's Motion to Strike, but will also grant Experian leave to amend its affirmative defenses.

Ms. Alston avers the Court must strike Experian's affirmative defenses because they fail to adhere to the pleading standards articulated in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Experian counters that the Twombly and Iqbal standards do not apply to affirmative defenses. Experian also argues its affirmative defenses meet the Rule 8 pleading requirement.

Neither the U.S. Supreme Court nor any U.S. Courts of Appeals have addressed this issue. As a result, there is a split within, and outside of, the District of Maryland regarding the applicability of Twombly and Iqbal to affirmative defenses. Some judges within this District have found that the standards do apply, while other judges have either reached an inconclusive determination or have concluded that the standards are not applicable. See Lockheed Martin Corp. v. U.S., --- F.Supp.2d ---, No. 8:12-cv-03725-AW, 2013 WL 5405654, at *2 (D.Md. Sept. 26, 2013) (collecting cases). The majority view, which this Court adopts, is that affirmative defenses must meet the Twombly and Iqbal standards because defendants should be held to the same pleading standard as plaintiffs and boilerplate defenses compel

5

counsel to conduct unnecessary discovery. See id.; see also Bradshaw v. Hilco Receivables, LLC, 725 F.Supp.2d 532, 535-36 (D.Md. 2010). Under this standard, affirmative defenses must "ensure that an opposing party receives fair notice of the factual basis for an assertion contained in a [] defense." Haley Paint Co., 279 F.R.D. at 336 (quoting Bradshaw, 725 F.Supp.2d at 536).

In this case, Ms. Alston alleges Experian violated the FCRA by failing to conduct a reasonable investigation of her disputes before reporting the account as accurate and by failing to promptly delete the collections account following Ms. Alston's May 2012 dispute. (2d Am. Compl. ¶¶ 17-18, ECF No. 20-2). In its Answer, Experian propounds five[3] affirmative defenses:

1. The Second Amended Complaint fails to state a claim against Experian upon which relief can be granted.;

2. If Plaintiff suffered any damages or injury, they were not proximately caused by any act or omission of Experian, but instead, if incurred, were proximately caused by the acts or omissions of others or by Plaintiff.;

3. While completely denying any negligence on its part, Experian, while maintaining that it did not act

---

[3] Experian acknowledges the "sixth defense" is a typographical error. (See Experian's Opp'n to Pl.'s Mot. to Strike Affirmative Defenses at 7 n.3, ECF No. 36).

negligently, avers, that Plaintiff's action is barred by the doctrine of contributory negligence.;

4. Plaintiff's Second Amended Complaint fails to state a claim for relief for punitive damages. Additionally, Experian states that punitive damages violate its constitutional rights under the United States Constitution and any applicable state constitution or applicable law.; and

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

(Experian's Answer at 5-6, ECF No. 24). Each of Experian's affirmative defenses must be stricken, without prejudice, because they fail to provide fair notice of the factual basis for the assertions presented.

Accordingly, the Court grants Ms. Alston's Motion to Strike. Experian, however, is granted leave to amend its affirmative defenses. See Bradshaw, 725 F.Supp.2d at 535 ("when affirmative defenses are stricken, the defendant should normally be granted leave to amend." (citing Banks v. Realty Mgmt. Serv., Inc., No. 1:10cv14 (JCC/TCB), 2010 WL 420037, at *1 (E.D.Va. Jan. 29, 2010))).

B.   **Motion to Dismiss**

    1.   **Standard of Review**

    The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

    In considering a Rule 12(b)(6) motion, this Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true.  See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999). However, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft, 556 U.S. at 678 (2009) (citing Twombly, 550 U.S. at 555).  A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557) (internal quotation marks omitted).

2.  **Analysis**

DHC argues Ms. Alston is unable to state a claim to relief under the MCDCA or MCPA because both claims are preempted by the FCRA.[4]   The Court agrees.

The doctrine of preemption is derived from the Supremacy Clause, which provides "the Laws of the United States . . . shall be the supreme Law of the Land." U.S. Const. art. VI, cl. 2.  The Supremacy Clause permits Congress to preempt state law through express terms.  Hillsborough Cnty., Fla. v. Automated Med. Labs., Inc., 471 U.S. 707, 713 (1985).  When Congress originally enacted the FCRA, the statute preempted only those state laws in conflict with its provisions.  See Ross v. Fed. Deposit Ins. Co., 625 F.3d 808, 812-13 (4th Cir. 2010) (explaining the original version of the preemption provision in 15 U.S.C. § 1681t preempted state laws to the extent they were inconsistent with any of the FCRA's provisions).  The 1996 amendments to the FCRA, however, added subsection (b) to § 1681t, significantly strengthening the Act's preemption provision.  Id. at 813.  This allowed for the preemption of,

---

[4] DHC also avers that, due to Ms. Alston's withdrawal of her FCRA claim against it, this Court may not exercise jurisdiction over her claims under neither federal question jurisdiction, 28 U.S.C. § 1331, nor diversity jurisdiction, 28 U.S.C. § 1332. Although Ms. Alston withdrew her FCRA claim as to DHC, that claim remains live as to Experian, giving this Court original jurisdiction over the action under § 1331 and allowing the Court to exercise supplemental jurisdiction over the pendent state law claims against DHC pursuant to 28 U.S.C. § 1367(a).

among other things, claims related to the furnishing of information to consumer reporting agencies.  Id.

The FCRA also contains a conflicting preemption provision at 15 U.S.C. § 1681h(e).  Several district courts within the Fourth Circuit have reconciled the conflict between § 1681t(b) and § 1681h(e) by adopting a "statutory" approach to these preemption provisions.  See Beuster v. Equifax Info. Servs., 435 F.Supp.2d 471, 478-79 (D.Md. 2006) (collecting cases); Jeffery v. Trans Union, LLC, 273 F.Supp.2d 725, 727-28 (E.D.Va. 2003) (explaining and applying statutory approach); Alabran v. Capital One Bank, No. 3:04CV935, 2005 WL 3338663, at *5 (E.D.Va. Dec. 8, 2005) (adopting statutory approach as outlined in Jeffery); Barnhill v. Bank of Am., N.A., 378 F.Supp.2d 696, 703-04 (D.S.C. 2005) (discussing and applying statutory approach); Johnson v. MBNA Am. Bank Nat'l Ass'n, No. 1:05CV00150, 2006 WL 618077, at *7 (M.D.N.C. Mar. 9, 2006) (discussing and applying statutory approach).  This approach posits § 1681t(b) applies to state statutory provisions, while § 1681h(e) applies to state common law claims.  Beuster, 435 F.Supp.2d at 479.

Section 1681t(b)(1)(F) expressly preempts all state law claims arising from a breach of the responsibilities contained in 15 U.S.C. § 1681s-2, which applies to "persons who furnish information to consumer reporting agencies."  15 U.S.C. § 1681t(b)(1)(F).  Under § 1681s-2(a)(1)(A), a furnisher

of information is prohibited from providing to a consumer reporting agency ("CRA") information he knows is not accurate. Similarly, the MCDCA prohibits a collector from disclosing "information which affects the debtor's reputation for credit worthiness with knowledge that the information is false." Md. Code Ann., Com. Law § 14-202(3). The MCDCA defines a collector as a "person collecting or attempting to collect an alleged debt arising out of a consumer transaction." Id. § 14-201(b). The statute's definition of a person includes corporations. Id. § 14-201(d).

Applying the statutory preemption approach outlined in Beuster to the present case, Ms. Alston's MCDCA and MCPA claims against DHC are directly preempted by the language of § 1681t(b). Ms. Alston alleges DHC's referral of the debt to UCB, which was subsequently listed on her credit reports as a collections account, was a knowing disclosure of false credit information that harmed her creditworthiness. Both § 1681s-2(a)(1)(A) and § 14-202(3) contemplate the prevention of knowing disclosures of false credit information to CRAs because of the potential harm to an individual's creditworthiness. Nevertheless, Congress's intent in § 1681t(b) is clear that § 1681s-2(a)(1)(A) preempts any state law claims related to such knowing disclosures. See, e.g., Ross, 625 F.3d at 817 (explaining that claims relying on the reporting of false credit

information to the CRAs under North Carolina's analogue to the MCDCA are preempted by § 1681t(b)(1)(F)).

Accordingly, Ms. Alston cannot state a claim under the MCDCA because her claim falls squarely within the language of § 1681t(b)(1)(F) and is, therefore, preempted.  Additionally, Ms. Alston has failed to state a claim under the MCPA because that claim is premised upon DHC's alleged violation of the MCDCA.  <u>See</u> Md. Code Ann., Com. Law § 13-301(14)(iii).  DHC is, therefore, dismissed from this action.

### III.  CONCLUSION

For the foregoing reasons, the Court will, by separate Order, GRANT Ms. Alston's Motion to Strike Defendant Experian Information Solutions, Inc.'s Affirmative Defenses Pursuant to Rule 12(f) (ECF No. 25), and GRANT DHC's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 31).

Entered this 11th day of February, 2014

/s/
_____
George L. Russell, III
United States District Judge